■ RENEE DI BATTISTA et al., Respondents, v. JAMES PATSALOS, Appellant.— Order of the Supreme Court, Queens County, dated June 28, 1967, reversed, with $10 costs and disbursements, and defendant's motion to dismiss the complaint granted. Plaintiffs have failed to file a note of issue within 45 days after service upon them of a demand pursuant to CPLR 3216 and have not shown a justifiable excuse for the delay. In our opinion defendant was entitled to an unconditional dismissal of the complaint. Beldock, P. J., Brennan, Rabin and Hopkins, JJ., concur; Benjamin, J., dissents and votes to affirm the order, with the following memorandum: Under the special circumstances of this case, there was sufficient basis to warrant the exercise of discretion by the Special Term. The failure of plaintiffs in an admittedly meritorious case to file their papers until the medical reports were obtained a few days after the 45-day period had elapsed was based on a series of circumstances beyond their control, including records misplaced by the hospital. Their good faith and desire to prosecute the case precludes any finding of intention of abandonment of their action. The 45-day rule should not be construed as mandating a default when there is excusable delay of a few days beyond the 45-day period and diligent effort has been made within the 45-day period to perform.